## L. SPRING *v.* RICHARD TIDWELL.

AMENDMENT.—On a proceeding in the Circuit Court, to enter satisfaction of an execution, an amendment of the record of the judgment from which the execution emanated, will not be permitted. The record is then complete and cannot be amended.

IN error to the Circuit Court of Madison county.   Hon. Robert C. Perry, judge.

Richard Tidwell and H. R. W. Hill, filed their petitions in the court below, and obtained a *supersedeas* of the execution of a judgment rendered in said court in favor of Moses Goff, to the use of A. H. Dinkins, against said Tidwell and others, and moved that satisfaction might be entered of record on said execution.

An issue was made up to try the question, whether the said execution had been satisfied or not; and at the trial the plaintiff in error moved to amend the record of said judgment, by striking out the name of the usee, Dinkins, and inserting the name of another, with the view of making said Dinkins a witness in support of this motion. Dinkins testified that he was not interested in the said judgment, and never had been, and that his name had been used without his knowledge or consent; and he executed a release of all interest which he might be supposed to have. The court refused permission to amend, and the plaintiff in error excepted. The jury found that the execution was satisfied, and the plaintiff in error moved for a new trial. It appeared that the execution sought to be satisfied, emanated from a judgment on a forth-

coming bond, forfeited at the fall term, A. D. 1838, of the Madison Circuit Court. A *fi. fa.* was issued on this judgment, returnable to the April term, A. D. 1839, which was levied on certain lands which were not sold. An alias *fi. fa.* was issued, returnable to the October Term, A. D. 1839, but was never returned to the clerk's office. The issuance of this *fi. fa.* was proved by the clerk's and sheriff's docket. The following entry in this case was also on the sheriff's docket: " Received, 7 Nov., 1839, ten thousand and ninety-six dollars, sixty-five cents, in full of plaintiff's money in this case. Signed J. S. Gooch." A *fi. fa.* was also issued in April, 1840, returnable to the May term of said court of that year, on which no proceedings were had. In June, 1840, another *fi. fa.* was issued and levied on land, which was not sold, because it did not bring two-thirds of its appraised value. A *venditioni exponas* issued 30th November, 1841, which was the execution superseded.

John S. Gooch testified that he signed the receipt on the sheriff's docket on the day it bears date. He thinks that S. M. Flournoy was at that time sheriff of Madison county. That no money was paid to him at the time, but that Flournoy had several executions in his hands at the time against witness, and that these were entered satisfied upon his executing the receipt. This receipt was signed on a sale day, or a day or two afterwards, when, as he understood, Tidwell's property had been sold. That it was understood that there had been a sale by the sheriff of Tidwell's property, and that the money arising therefrom had been received by the sheriff and applied to this execution, or that Tidwell had paid the money directly. That he had transferred the note on which the judgment was founded to Thomas Moore, now deceased, as collateral security for the payment of a note he had guaranteed; and supposing that his note had been paid, he executed the receipt. He also proved that he had assigned this judgment to L. Spring, the plaintiff in error. The date of assignment did not appear further than that an entry was made on sheriff Flournoy's docket to April term, 1839, to the effect that this judgment had been transferred by Gooch to Spring.

Witness was permitted by agreement to testify, with the privilege reserved to either party to take objection to any portion of

his testimony, by instruction from the court to the jury, or by motion to exclude it from their consideration. It having been proven that Flournoy's term of office expired on the 5th of November, 1839, the court, at the instance of Spring, charged the jury to disregard so much of Gooch's testimony as related to the conduct and declarations of said Flournoy on the 7th of November, 1839, when the receipt of Gooch was executed.

*A. P. Hill*, for plaintiff in error. ·

*Rucks* and *Yerger*, for defendant in error.

PER CURIAM.—This was a proceeding in the Circuit Court of Madison County, to enter satisfaction of record of a judgment.

The proof shows that the debtor's property was sold by the sheriff, and it is therefore wholly immaterial to whom he paid the money, the defendant is entitled to have his judgment satisfied; and the plaintiff's remedy is against the sheriff.

We think the application to amend by striking out the name of the usee and inserting another usee in his stead, was correctly refused. The record was then complete, and could not be altered.

Judgment affirmed.